IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL B. SCHAMING, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-41Erie |
| | ) | |
| v. | ) | |
| | ) | |
| KATHERINE BAKER KNOLL, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil rights action was filed in this Court on January 30, 2015. As the sole Defendant to this action, Plaintiff named Katherine Baker Knoll. Plaintiff alleges that his unspecified claim arises out of his 1989 arrest on 12 charges in Springdale Boro. As relief, Plaintiff requests: "I want them all arrested. All of security so I can feel safe in the institution. Replace you hard hearted guards. Let God sort them out. And $24,960,000. That's 3,000 a day for every day held wrongly. 12 years, do the math!" ECF No. 1.

By Order dated February 3, 2015, Plaintiff was directed to either pay the full filing fee and administrative fee, or to file a motion seeking leave to proceed in forma pauperis, before February 17, 2015. Plaintiff was warned that his failure to comply would result in the dismissal of this action due to his failure to prosecute this case. ECF No. 2. Plaintiff did not comply.

By Order dated February 24, 2015, Plaintiff was directed to show cause before March 9, 2015, for his failure to comply with the February 3rd order. Plaintiff was warned that failure to

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 3.

1

comply may result in the dismissal of this action. Plaintiff has not responded to the show cause order.

As of today's date, Plaintiff has neither paid the filing and administrative fees nor filed a motion seeking in forma pauperis status.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court will dismiss this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is over two months old, yet Plaintiff has not taken the initial steps in paying the required filing fee. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff has ignored two orders from this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL B. SCHAMING, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-41Erie |
| | ) | |
| v. | ) | |
| | ) | |
| KATHERINE BAKER KNOLL, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

**O R D E R**

AND NOW, this 2nd day of April, 2015;

IT IS HEREBY ORDERED that this case is dismissed due to Plaintiff's failure to prosecute.

The Clerk of Court is directed to file the complaint and close this case.

                                                  /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge